J2SHORTESS, Judge.
Royal Smith, Jr. (defendant), was charged by bill of information with one count of carnal knowledge of a juvenile, La.R.S. 14:80(A)(1), and one count of simple escape, La.R.S. 14:110(A)(1). A jury found him guilty of simple escape but not guilty of carnal knowledge. He was sentenced to *140 serve two years at hard labor, with credit for time served. The' sentence was suspended, and he was placed on supervised probation, subject to numerous conditions.
Defendant appealed, raising ten assignments of error. His complaints center on the premise that if he was guilty of any crime, it was resisting arrest and not escape. Assignments of error numbers 1, 2, 4, 6, 7, and 8 involve this contention. The remaining assignments deal with whether the State improperly presented evidence of other criminal allegations against defendant (number 5), whether defendant was entitled to a new trial based on cumulative error (number 9), and whether the evidence was sufficient to support a conviction for simple escape (number 10). Assignment number 3 was expressly abandoned.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should determine the sufficiency of the evidence before reaching the other issues. If the entirety of the evidence, including erroneously admitted evidence, is insufficient to support the conviction, the defendant must be discharged as to that crime, which would moot the other assignments of error. State v. Hearold, 603 So.2d 731, 734 (La.1992).
If the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, however, the defendant is not entitled to an acquittal. Instead, the reviewing court must then consider the assignments of trial error to determine whether he is entitled to a new trial. If the reviewing court determines there has been prejudicial trial error, the defendant must receive a new trial. He is not, however, entitled to an acquittal even though the admissible evidence, considered alone, was insufficient. Lockhart v. Nelson, 488 U.S. 33, 40-41, 109 S.Ct. 285, 290-291, 102 L.Ed.2d 265 (1988); State v. Hearold, 603 So.2d at 734. As defendant has alleged the evidence herein was insufficient to support his conviction, we must first review the entirety of the evidence.
|8WAS THERE SUFFICIENT EVIDENCE TO FIND DEFENDANT FLED FROM LAWFUL CUSTODY?
The parents of a sixteen-year-old girl filed a complaint with the Terrebonne Parish Sheriffs Office (TPSO) alleging defendant had sexual intercourse with their daughter, and the girl gave a recorded statement to TPSO substantiating their accusations. Thomas J. Collins, a deputy sheriff, investigated the complaint, assisted by another deputy, Darryl Stewart. Collins then got a warrant signed by a Terrebonne Parish district judge for defendant’s arrest on the charge of carnal knowledge of a juvenile.
At the time the warrant was issued, defendant was employed as a patrolman first class with the Houma Police Department (HPD). Collins and Stewart went through channels with HPD and arranged to arrest defendant at the HPD office during shift change. HPD Chief of Police Jack R. Smith told defendant he was going to be given an undercover assignment and instructed him to report to work in plain clothes rather than in uniform. When defendant reported for duty on February 17, 1994, HPD Captain Orville Callahan and John K. Chapman, a patrolman first class with the HPD internal-affairs division, escorted him to Smith’s office. Smith gave defendant notice of a pre-termination hearing and relieved him of duty. Chapman then went to the radio room and got Collins and Stewart, who came to Smith’s office bearing the arrest warrant.
According to defendant, Collins told him he had an arrest warrant, but no one ever told him what the charges were or advised him he was under arrest. His testimony was contradicted by the police officers who testified. Collins testified he told defendant he had a warrant for his arrest, advised him of the charge, and stated he was placing him under arrest. Chapman stated Collins told defendant he was under arrest and read the warrant to him. „ Stewart testified Collins made it clear to defendant he was placing him under arrest.
What happened next is undisputed. Collins told defendant to turn around so he could cuff his hands behind his back. Defendant complied, but before Collins and Stewart *141 could place the cuffs on defendant’s wrists, Callahan or Smith asked them to wait to cuff him until after defendant got his police identification and badge Ufrom his car. Collins asked the three HPD officers if they would take responsibility for his prisoner, and they agreed to do so. Defendant then began walking to his car, with Callahan and Chapman on either side of him.
As they neared defendant’s car, he suddenly began running. When Callahan yelled, “Stop,” defendant replied, “Catch me.” A search ensued involving the entire HPD, including canine units, and the TPSO. Defendant was apprehended about an hour later by Mark A. Pitre, a TPSO road deputy, after a chase on foot through an alley.
The pertinent definition of simple escape, as found in Louisiana Revised Statute 14:110(A)(1), is “[t]he intentional departure ... of a person ... detained .... from the lawful custody of any law enforcement officer....” It is undisputed that defendant intentionally departed from Callahan and Chapman. However, his departure was escape only if he was in lawful custody.
Defendant contends he was not in custody, i.e., under arrest, at the time he fled. In State v. Bullock, 576 So.2d 453, 457 (La.1991), the Louisiana Supreme Court held that the crimes of simple escape and resisting arrest by flight (La.R.S. 14:108) are mutually exclusive. Defendant argues, and we agree, that if he was fleeing to avoid arrest, he cannot be guilty of simple escape. Thus, we must determine whether he was under arrest at the time of the offense.
The Louisiana Code of Criminal Procedure defines arrest as “the taking of one person into custody by another.” La.C.Cr.P. art. 201. This article requires an actual restraint of the suspect, which may be imposed by force or may result from the suspect’s submission to the custody of the one arresting him.
Arrest is a question which must be determined objectively and in retrospect, in light of the circumstances of the particular case. State v. Thompson, 399 So.2d 1161, 1165 (La.1981); State v. Siggers, 490 So.2d 716, 720 (La.App. 2d Cir.), writ denied, 494 So.2d 1182 (La.1986). Factors to be considered include time, place, police intent, the suspect’s belief, and existence of a warrant or, if no warrant exists, probable cause to arrest. No one factor will solely control every determination. Thompson, 399 So.2d at 1165.
|5The subjective intent of the police, if disclosed to the suspect, is relevant, but only to the extent it would affect how a reasonable person in the position of the individual being questioned would gauge the breadth of his freedom of action. Stansbury v. California, 511 U.S. 318, 323-25, 114 S.Ct. 1526, 1529-30, 128 L.Ed.2d 293 (1994), citing Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984). The suspect’s belief must be determined objectively, in retrospect, from the totality of the circumstances. Siggers, 490 So.2d at 720. Restraint may be imposed by an officer’s words, his actions, or both, even though the magic word “arrest’ is not spoken. Siggers, 490 So.2d at 720-21.
In reviewing claims challenging the sufficiency of the evidence, this court must consider “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). Taking the evidence in this case in the light most favorable to the State, any rational trier of fact could have found defendant was under arrest at the time he fled, and thus the evidence was sufficient to support a conviction for simple escape. It is undisputed defendant was escorted to the police chiefs office, where he was relieved of his duties as a police officer, and Collins and Stewart then showed him a warrant for his arrest. Defendant even placed his hands behind his back so he could be handcuffed. Collins and Chapman testified Collins told defendant he was under arrest and advised him of the charges. But even if the jury believed defendant’s testimony that he was not so advised, the totality of the circumstances evidence a restraint on defendant’s liberty to an extent that any reasonable per *142 son would have believed he was in custody. Thus, defendant’s assignment of error number 10 has no merit.
SHOULD THE POLICE OFFICERS HAVE BEEN PERMITTED TO TESTIFY THEY BELIEVED DEFENDANT WAS UNDER ARREST?
Defendant contends the trial court erred in permitting the police officers involved in the arrest to give “expert” testimony about their understanding of the terms “arrest” and “in custody.” We find no error in the trial court’s ruling that thejijofficers were not giving expert testimony but were simply explaining their understanding of common police vernacular.
Defendant also contends the trial court erred in permitting the officers to testify they believed defendant was under arrest and in custody. As stated above, the factors to be considered in determining whether defendant was in lawful custody include the police officers’ subjective beliefs and defendant’s beliefs, determined objectively. The officers’ opinions on this issue were thus relevant. We find no merit to assignments of error numbers 2 and 4.
WAS DEFENDANT’S CONVICTION FOR ESCAPE DEPENDENT ON A CONVICTION FOR CARNAL KNOWLEDGE?
Defendant contends the State should have been forced to prove the validity of the charge of carnal knowledge before presenting evidence of the charge of simple escape. He cited no authority for this proposition at trial, nor does he cite any on appeal. Conviction on the charge for which a defendant was taken into custody is not an element of the crime of simple escape. See La.R.S. 14:110. The comments to that statute state: “As long as the arrest and commitment are ‘legal’ any attempt to escape is a crime, despite the guilt or innocence of the culprit.” The State was not required to try the carnal knowledge charge first. Assignment of error number 1 has no merit.
SHOULD THE JURY HAVE BEEN INFORMED OF THE LAW REGARDING THE CRIME OF RESISTING ARREST?
Defendant contends the trial court committed two errors during closing arguments: (1) in limiting his counsel’s argument that defendant should have been charged with resisting arrest instead of simple escape; and (2) in permitting the prosecutor to present a hypothetical situation, in response to defendant’s resisting-arrest argument, which defendant contends was “fallacious.” He further contends the trial court erred in failing to instruct the jury regarding the elements of resisting arrest and the defenses thereto.
The record belies defendant’s complaint that he was not allowed to present his resisting-arrest defense to the jury. Defendant testified he did not consider himself under arrest at the time he fled because he felt the arrest was unlawful. He based this belief on Collins’s involvement in the arrest. He testified he ran from the^law because he thought Collins had framed him, he wanted to speak to an attorney, and he was afraid of what might happen to him, a police officer, in jail. The trial court permitted defendant to testify he thought he was resisting arrest, not escaping. It also permitted defendant’s counsel to read Revised Statute 14:108 to the jury during closing arguments and to argue the district attorney should have charged defendant under that statute rather than 14:110. The only limitation imposed by the trial court was that defendant’s counsel not cite cases. This limitation clearly was within the trial court’s discretion.
In our opinion, the trial court gave defendant’s counsel far more leeway than was his due. We agree with defendant that every citizen has the right to resist an unlawful arrest. As the Louisiana Supreme Court stated in Monroe v. Ducas, 203 La. 971, 979, 14 So.2d 781, 784 (1943), “The right of personal liberty is one of the fundamental rights guaranteed to every citizen, and any unlawful interference with it may be resisted.” However, defendant’s argument that he was resisting an unlawful arrest ignores the fact that his arrest was pursuant to a war *143 rant, the validity of which has not been challenged. Whether an arrest is lawful depends on whether probable cause exists. State ex rel. Lewis, 386 So.2d 1079, 1084 (La.App. 3d Cir.1980). An arrest warrant may be issued only when a magistrate has probable cause to believe an offense was committed and the person against whom the complaint was made committed it. La.C.Cr.P. art. 202. Defendant’s arrest was lawful because it was made pursuant to a valid warrant, and thus defendant’s argument that he was resisting an unlawful arrest has no legal basis.
Since the trial court allowed defense. counsel to argue the resisting-arrest .defense, the court did not err in permitting the prosecutor to argue that that defense did not apply. The statement by the prosecutor about which defendant complains was that if a defendant cut someone to death, the defendant could be charged with battery, but this did not mean he was not guilty of murder. This was a correct statement of the law but a bad analogy under the facts herein. However, it was no more confusing to the jury than defense counsel’s arguments on this issue. We do not doubt the jury was confused, as evidenced by its questions to the trial court during deliberations. In our opinion, however, this confusion was caused by the |8court permitting defense counsel to argue the resisting-arrest defense to the jury when it was inapplicable under the facts, rather than by the court’s limitation of this defense.
Furthermore, the trial court did not err in refusing to include the resisting-arrest defense in the jury charge. Defendant presented no evidence from which the jury could infer he was resisting arrest. The State proved defendant was in lawful custody by the testimony of the police officers. The only evidence offered by defendant to the contrary was his own testimony that he did not consider himself under arrest because he thought the arrest was unlawful. We have found the arrest was lawful, however, and no reasonable person would have felt he was free to leave under these circumstances. Moreover, resisting arrest is not a responsive verdict to simple escape; it is not a lesser and included grade of the offense. See La. C.O.P. arts. 814 and 815. The trial court was not required to instruct the jury on the elements of a crime with which defendant was not charged and which was not relevant in light of the evidence presented at trial. The jury could not have reasonably inferred defendant was guilty of resisting arrest instead of simple escape; therefore, the trial court correctly refused to instruct the jury on the elements of and defenses to resisting arrest. State v. Bullock, 576 So.2d at 457. Assignments of error numbers 6, 7, and 8 have no merit.
DID THE PROSECUTOR’S REFERENCE TO OTHER CRIMINAL ALLEGATIONS AGAINST DEFENDANT WARRANT A MISTRIAL?
Defendant contends the trial court should have granted a mistrial based on references by the prosecutor to other criminal allegations against defendant. Two incidents give rise to this complaint. First, Pitre testified that when he saw defendant after his escape, defendant ran from him. Defendant contends this was an improper reference to the crime of resisting arrest or attempted escape from Pitre. However, the trial court held this was part of the res gestae of the crime charged, simple escape. We agree.
The second incident complained of occurred during defendant’s cross-examination. The prosecutor was delving into the basis of defendant’s belief that Collins had set him up. The testimony was as follows:
|9Q. And you — you based [your decision the arrest was unlawful] on the fact that, because Tom Collins was there, this must be a bogus charge?
A. That’s what I thought.
Q. And the only basis for that was two years before that he had been called out as K-9 officer to run a dog on your car? Right?
A. That’s correct.
Q. In the two years that lapsed, had you had any contact with Deputy Collins?
A. Yes, I did.
Q. And what was that?
A That was the incident that occurred on Estate Drive.
Q. What was that?
*144 A. Well, it was basically an incident that occurred over there, you’re pulling records from this other thing. So you have it in your files. And you would see that the (sic) was the officer that came — the K-9 officer that came and — the complaint.
Q. I don’t know what you’re talking about.
A. Well, you got files—
Q. No, no. You have to tell me.
At this point defendant objected, and the jury was excused. We gather from the sidebar conference that defendant was arrested on some sort of drug charge in the Estate Drive incident and Collins was involved in some way. The court ruled defendant had “opened the door” to questioning about that incident, and defendant moved for a mistrial, which was denied. But when the jury was returned to the courtroom and the cross-examination was continued, the prosecutor totally dropped the Estate Drive incident. The cross-examination continued:
Q. So, Mr. Smith, you didn’t know what you were being charged with, correct?
A. For what incident? What incident are you talking about?
Q. I’m talking about the only incident that matters, this incident.
We cannot fathom how this series of questions and answers could be construed by the jury as an accusation by the State that defendant had committed crimes other than the ones with which he was charged. We find no support in the record for defendant’s contention in his brief that “the State was allowed to | ipimproperly raise inferences that [defendant] was a ‘corrupt cop’ who did not deserve the considerations of presumption of innocence nor proof beyond a reasonable guilt (sic).” Defendant has shown no grounds which would require a mistrial. See La. C.Cr.P. art. 775. Assignment of error number 5 is without merit.
SHOULD DEFENDANT HAVE BEEN GRANTED A NEW TRIAL?
Defendant’s remaining assignment of error is that cumulative error entitles him to a new trial. Having found no error, we find no merit in-this assignment.
CONCLUSION
Defendant was lawfully arrested pursuant to a valid warrant. The State proved beyond a reasonable doubt that he was in lawful custody at the time he fled. Defendant, fearing his arrest was motivated by ill will, may have subjectively believed it was unlawful, but “[i]n a democracy the right of self-help is seldom permitted. Resort to the courts is the normal and traditional method of correcting an unlawful confinement.” State v. Perry, 864 So.2d 90.0, 901 (La.1978), citing In re Estrada, 63 Cal.2d 740, 48 Cal.Rptr. 172, 178, 408 P.2d 948, 954 (1965). For these reasons, defendant’s conviction is affirmed.
AFFIRMED.
THOMAS W. TANNER, J. Pro Tern., dissents with reasons.